IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADHAM MOHAMMED ALI AWAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-2379 (JR) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |

### PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS

Petitioner Adham Mohammed Ali Awad ("Mr. Awad") opposes the stay of this habeas corpus proceeding pending a ruling by the United States Court of Appeals for the District of Columbia Circuit in *Khalid v. Bush, Boumediene v. Bush,* and *In re Guantanamo Detainee Cases* (collectively "the Related Appeals") sought by Respondents George W. Bush, Donald H. Rumsfeld, Jay Hood, and Mike Bumgarner (collectively "Respondents"). This stay would bar activities that stays entered in similar cases have left unfettered, thereby seriously frustrating undersigned counsel's efforts to develop this case and prepare for consultations with his client. Mr. Awad accordingly requests that any stay entered in this proceeding:

(1) Permit him to seek injunctive relief in extraordinary circumstances;

(2) Not excuse Respondents from their obligation under 28 U.S.C. § 2243 to file a timely return;

(3) Require Respondents to preserve all evidence in their custody, control or possession that may lead to the discovery of information relevant to this proceeding;

 (4) Require Respondents to provide both this Court and undersigned counsel with thirty-days advance notice prior to any transfer of Mr. Awad from the United States Naval Base located at Guantanamo Bay, Cuba ("Guantanamo Bay Naval Base" or "GTMO") to another country; and

 (5) Require Respondents to confirm to undersigned counsel that Mr. Awad is alive and remains detained at GTMO.

Undersigned counsel does not oppose Respondents' request that the protective orders entered in other Guantanamo detainee habeas cases be applied here. (Mot. to Stay at 4.) The entry of the orders indeed should obviate any concern of Respondents about the inadvertent disclosure of classified information. In not opposing the entry of the protective orders, undersigned counsel does not waive Mr. Awad's right to challenge the terms of those orders in future proceedings as appropriate. (*Cf.* Mot. to Stay at 4 n.1.)

## BACKGROUND

Mr. Awad is a citizen of the Republic of Yemen who has been detained, virtually *incommunicado*, as an "enemy combatant" by Respondents at Guantanamo Bay Naval Base. On December 12, 2005, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 that contests both the legal and factual bases for his detention, seeks an immediate end to any inhumane treatment that he has suffered, and continues to suffer, in violation of domestic and international law, and identifies circumstances giving rise to a foreseeable and imminent risk of Respondents secretly transferring him to another country where he may well be detained indefinitely and/or tortured.

Respondents sought undersigned counsel's agreement to stay *all* activities in this habeas proceeding pending resolution of the Related Appeals. Undersigned counsel informed Respondents that Mr. Awad is amenable to a stay so long as:

2

 (1) He is permitted to seek injunctive relief in extraordinary circumstances;

 (2) Respondents satisfy their obligation under 28 U.S.C. § 2243 to file a timely return;

 (3) Respondents preserve all evidence in their custody, control or possession that may lead to the discovery of information relevant to this proceeding;

 (4) Respondents provide thirty-days advance notice prior to any transfer of Mr. Awad from Guantanamo Bay Naval Base to another country; and

 (5) Respondents confirm to undersigned counsel that Mr. Awad is alive and remains detained at Guantanamo Bay Naval Base.

This Court repeatedly has entered stays subject to, or in conjunction with, similar conditions in other Guantanamo detainee habeas cases. *See, e.g., Al-Mudafari v. Bush*, No. 05-CV-02185 (JR) (D.D.C. Dec. 2, 2005) (entering protective order, ordering filing of return, and staying all proceedings, including detainees' release, repatriation or rendition); *Slahi v. Bush*, No. 05-CV-00881 (JR) (D.D.C. June 16, 2005) (staying case, except as to emergency relief, but ordering Respondents to provide thirty-days advance notice of detainee's transfer and to file statement pursuant to previously-issued show cause order); *El-Banna v. Bush*, No. 04-CV-1144 (RWR), slip op. (D.D.C. Apr. 8, 2005) (staying case, except as to emergency relief, but ordering Respondents to provide thirty-days advance notice of detainee's transfer and file return). Yet despite this fact, Respondents refused to agree to a stay subject to Mr. Awad's requested conditions and filed a motion seeking a broader stay that would effectively shut down this proceeding. While Mr. Awad remains amenable to the limited stay detailed above, he opposes the broad stay that Respondents advocate for the reasons set forth below.

3

## ARGUMENT

Respondents fail to provide a sufficient basis for their requested stay of all proceedings in this habeas case pending resolution of the Related Appeals. Rather, they make no arguments against Mr. Awad's conditions to any stay other than his request that they file a timely return.

The mere fact that certain matters relevant to this case are also issues in the Related Appeals should not excuse Respondents from filing a return. Judges of this Court consistently have refused to excuse Respondents from their obligation under 28 U.S.C. § 2243[1] to file a timely return in staying other habeas cases brought by Guantanamo detainees subsequent to the filing of the Related Appeals. *See, e.g., Al-Mudafari*, No. 05-CV-02185 (JR) (D.D.C. Dec. 2, 2005) (staying proceeding but ordering Respondents to file return); *Ghanem v. Bush*, No. 05-CV-01638 (CKK) (D.D.C. Oct. 19, 2005) (same); *El-Banna*, No. 04-1144 (RWR), slip op. (D.D.C. Apr. 8, 2005) (same). In this regard, Judge Ricardo M. Urbina has observed:

> The fact that the D.C. Circuit has not yet issued its decision in related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients.

---

[1] Section 2243 provides in relevant part that:

> [A] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

4

*Al-Oshan v. Bush*, No. 05-0520 (RMU), 2005 U.S. Dist. LEXIS 6631, at *3 (D.D.C. Apr. 7, 2005). These considerations negate Respondents' assertion that no return need be filed at this time because undersigned counsel "would not be able to share classified information in the returns with petitioners [sic]." (Mot. to Stay at 14.)

Respondents' assertion that filing a return at this time would impose a "logistical burden," (Mot. for Stay at 15), is unpersuasive. As Respondents concede, their return in GTMO detainee habeas proceedings "typically has consisted of the record of proceedings before the Combatant Status Review Tribunal" concerning the petitioner's status as an "enemy combatant." (Mot. to Stay at 14 n.9.) As such, a return amounts to nothing more than disclosure of materials already prepared in another proceeding.[2]

Respondents fail to explain how producing the record prepared in the CSRT proceeding unfairly burdens them. Instead, they shift gears and assert that the volume of recently-filed GTMO detainee cases is such as to warrant affording them 10 to 12 weeks to file a return. (Mot. to Stay at 16.) This assertion, however, ignores Section 2243's purpose of ensuring "a prompt and efficacious remedy for whatever society deems to be intolerable restraints." *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (internal quotations omitted).

Respondents should be ordered to file their return within thirty days. While it is true that Respondents have received a longer period of time to file their return in some Guantanamo detainee cases, Judges of this Court have frequently imposed a thirty-day filing deadline. *See, e.g., Al-Mudafari*, No. 05-CV-02185 (JR) (D.D.C. Dec. 2, 2005) (ordering return to be filed within thirty-days of entry of order); *Ghanem*, No. 05-CV-01638 (CKK) (D.D.C. Oct. 19, 2005) (same); *Al Daini v. Bush*, No. 05-CV-00634 (RWR) (D.D.C. June 6, 2005) (same); *El-Banna*,

---

[2] In making this point, Mr. Awad does not waive any of the challenges to the CSRT and its procedures set forth in his habeas petition.

5

No. 04-1144 (RWR), slip op. (Apr. 8, 2005) (ordering return to be filed within thirty-days of entry of protective order). Mr. Awad submits that a thirty-day deadline strikes the most reasonable balance between his interest in an expeditious resolution of his Petition and any administrative concerns of Respondents.

In sum, Respondents seek a stay far broader than the stays typically entered in other Guantanamo detainee habeas cases. They, however, fail to provide any compelling reason for deviating from established practice and procedure. Accordingly, Respondents' motion to stay should be denied.

## **CONCLUSION**

Based upon the foregoing reasons, Petitioner Adham Mohammed Ali Awad respectfully requests that Respondents' Motion to Stay Proceedings Pending Related Appeals be denied and that any stay entered in this habeas corpus proceeding pending resolution of the Related Appeals be subject to the following conditions:

(1) Mr. Awad be permitted to seek injunctive relief in extraordinary circumstances;

(2) Respondents be required to file a return within thirty days of entry of the stay order;

(3) Respondents be ordered to preserve all evidence in their custody, control or possession that may lead to the discovery of information relevant to this habeas corpus proceeding;

(4) Respondents be required to provide thirty-days advance notice to this Court and undersigned counsel of any transfer of Mr. Awad from Guantanamo Bay Naval Base to another country; and

(5) Respondents be required to confirm to undersigned counsel that Mr. Awad is alive and remains detained at Guantanamo Bay Naval Base.

Dated: January 6, 2006.

        Respectfully submitted,

        ORRICK, HERRINGTON & SUTCLIFFE LLP

        */s/ Benjamin R. Jacewicz*
        Benjamin R. Jacewicz (DCBN 466743)
        Washington Harbour
        3050 K Street, N.W., Suite 200
        Washington, D.C. 20007
        (202) 339-8400
        (202) 339-8500 (fax)

        Counsel for Petitioner

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petitioner's Opposition to Respondents' Motion to Stay Proceedings Pending Related Appeals, along with a proposed Order, was served on this 6th day of January, 2006, by this Court's Electronic Case Filing ("ECF") system upon the following:

>Preeya M. Noronha, Esquire
>Terry M. Henry, Esquire
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, N.W., Room 7144
>Washington, D.C. 20530
>preeya.noronha@usdoj.com

_____
Benjamin R. Jacewicz