IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADHAM MOHAMMED ALI AWAD<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-2379 (JR)<br>)<br>)<br>)<br>) |

### PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioner Adham Mohammed Ali Awad requests entry of the protective order required for him to have access to counsel, for the reasons set forth in the accompanying Memorandum of Points and Authorities in support thereof.

Dated: March 9, 2006.

                                              Respectfully submitted,

                                              ORRICK, HERRINGTON & SUTCLIFFE LLP

                                              _/s/ Benjamin R. Jacewicz_
                                              Benjamin R. Jacewicz (DCBN 466743)
                                              Washington Harbour
                                              3050 K Street, N.W., Suite 200
                                              Washington, D.C. 20007
                                              (202) 339-8400
                                              (202) 339-8500 (fax)

                                              Counsel for Petitioner

## LOCAL CIVIL RULE 7(m) STATEMENT

Undersigned counsel spoke via telephone with co-counsel for Respondents, Preeya M. Norohana, to determine whether Respondents would oppose this motion. Ms. Norohana subsequently informed undersigned counsel that Respondents would oppose the motion.

_____
Benjamin R. Jacewicz
Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADHAM MOHAMMED ALI AWAD, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, *et al.*, ) <br> ) <br> Respondents. ) | Civil Action No. 05-2379 (JR) |

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER**

Petitioner Adham Mohammed Ali Awad ("Mr. Awad") requests that the protective order required for him to gain access to undersigned counsel be entered immediately.[1]

Respondents proposed that this Court enter the protective order in their previously filed Motion to Stay Proceedings. They now have reversed their position, and informed undersigned counsel that they oppose entry of the protective order, asserting that the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2860 (2005), deprives federal courts of jurisdiction over habeas corpus cases filed by petitioners, such as Mr. Awad, detained at the United States Naval Base, Guantanamo Bay, Cuba ("Guantanamo Bay Naval Base" or "GTMO").

Contrary to Respondents' assertion, the DTA is irrelevant to the right of access to counsel access accorded to detainees, and thus provides no basis for denying or delaying this access. This Court has entered the protective order authorizing access to counsel *after*

---
[1] Copies of the orders that collectively constitute the protective order are attached as Exhibits "A" through "C." In filing this motion on Mr. Awad's behalf, undersigned counsel does not waive Mr. Awad's right to challenge the terms of the protective order in future proceedings as appropriate.

enactment of the DTA in another detainee habeas case. This same relief is imperative in this case because of Mr. Award's fragile physical condition. Accordingly, the protective order should be entered here.

## BACKGROUND

The right of GTMO detainees to have access to counsel is well established. In *Al Odah v. United States*, 346 F. Supp. 2d 1, 8 (D.D.C. 2004), Judge Colleen Kollar-Kotelly held that detainee petitioners "are entitled to counsel, in order to properly litigate the habeas petitions presently before the Court and in the interest of justice." Accordingly, she crafted a framework that ensured petitioners' access to counsel while addressing "Respondents' legitimate national security concerns." *Id.* at 13, 15. Judge Joyce Hens Green later entered a comprehensive protective order under this framework in *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, 175 (D.D.C. 2004) that has been applied in more than 175 detainee habeas cases,[2] including those assigned to this Court. *See, e.g., Al-Mudafari v. Bush*, No. 05-CV-2185 (JR) (D.D.C. Dec. 2, 2005) (Order); *Slahi v. Bush*, No. 05-CV-0881 (JR) (D.D.C. June 16, 2005) (Order).

This case seemingly was destined to follow the same course as prior detainee habeas cases. In moving to stay proceedings, Respondents represented that they did "not object to entry of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access," and submitted a proposed order deeming the protective order applicable to this case. (Respondents' Mot. to Stay Proceedings Pending Related Appeals at 11 & (Proposed) Order.) Respondents took these actions after Congress had passed the DTA. (*Compare* Respondents' Mot. to Stay Proceedings Pending Related Appeals at 1 (filed Dec. 22, 2005) *with* <http:/thomas.loc.gov/cgi-

---

[2] Respondents have given no indication that they intend to seek modification of the protective order in these other cases, thus undercutting their assertion that the DTA bars entry of the protective order.

2

bin/bdquery/z?d109:HR02863:@@@L&summ2=m&/TOM:/bss/d109query.html (reporting DTA cleared Congress for White House on December 21, 2005).)

On January 11, 2006, this Court stayed this action, but made no mention of the protective order in doing so. Thereafter, undersigned counsel sought Respondents' consent to entry of the protective order. Respondents responded that they now opposed entry of the protective order based on the DTA.

### ARGUMENT

Respondents' refusal to consent to entry of the protective order is without any basis in law or fact. The DTA itself says nothing about GTMO detainee access to counsel. Further, this Court has entered the protective order *after* enactment of the DTA in another detainee habeas case. *See Khiali-Gul v. Bush*, No. 05-CV-877 (JR) (D.D.C. Jan. 6, 2006) (Minute Order); *see also Shaaban v. Bush*, No. 05-CV-0892 (CKK) (Mar. 1, 2006) (requiring Respondents post-DTA to submit factual return in case filed pre-DTA "in the context of meaningful access to counsel"); *Salahi v. Bush*, No. 05-CV-0569 (JR) (AK) (D.D.C. Feb. 2, 2006) (Order) (monitoring compliance with protective order in pre-DTA cases post-DTA); *cf. Ahmed v. Bush*, No. 05-CV-1678 (GK) (March 3, 2006) (Minute Order) (denying Respondent's post-DTA motion to stay submission of factual returns). Finally, counsel access remains the same in the nearly 175 detainee cases in which the protective order was entered before enactment of the DTA. These circumstances make clear that the DTA is irrelevant to the right of detainees to have access to counsel.

Mr. Awad's fragile physical condition requires the immediate entry of the protective order. This Court has held that access to counsel is especially necessary where, as here, a detainee may be in "in such fragile physical condition that" his future ability to communicate

3

with counsel is "in imminent danger." *Al Joudi v. Bush*, No. 05-CV-301 (GK), slip op., at 24-25 (D.D.C. Oct. 26, 2005). In this case, Mr. Awad is missing a leg, and upon information and belief, suffers from eye problems and arthritis in his back and joints, even though he is only in his early twenties. Mr. Awad's health problems may prevent him from effectively communicating with counsel, thus necessitating immediate entry of the protective order.

In conclusion, there is no reason for this Court to depart from its standard practice of granting detainees access to counsel. Mr. Award indeed will suffer severe prejudice should he not be afforded this relief. Accordingly, the protective order entered in over 175 detainee cases should be entered here immediately.

## CONCLUSION

For the foregoing reasons, Petitioner Adham Mohammed Ali Awad requests that the protective order entered in *In re Guantanamo Detainee Cases* be entered immediately.

Dated: March 9, 2006

        Respectfully submitted,

        ORRICK, HERRINGTON & SUTCLIFFE LLP

        _____
        Benjamin R. Jacewicz (DCBN 466743)
        Washington Harbour
        3050 K Street, N.W., Suite 200
        Washington, D.C. 20007
        (202) 339-8400
        (202) 339-8500 (fax)

        Counsel for Petitioner