IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADHAM MOHAMMED ALI AWAD,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br>    *et al.,*<br><br>    Respondents. | Civil Action No. 05-CV-2379 (JR) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioner's motion seeking entry of the protective order in this case.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of

---

[1] Oral argument before the D.C. Circuit occurred on March 22, 2006.

the Act before deciding any pending motions.[2]  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioner's request for relief, is appropriate pending the resolution of the effect of the Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

In addition, petitioner possesses no separate right of access to counsel that warrants the application of the protective order to this action notwithstanding the Act's withdrawal of the Court's jurisdiction over this case.  See Pet's Mot. at 2.  In Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the

---

[2]  In this vein, three other Judges of the Court have recently entered orders in each of the Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act.  See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.

Court, if warranted. See id. at 4-5, 7-8. Thus, contrary to petitioner's suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, Al Odah does not compel the relief requested by petitioner.

Nor do petitioner's counsel's assertions regarding petitioner's physical condition, Pet's Mot. at 3-4, require the entry of the protective order. All detainees at Guantanamo receive high-level medical care, as respondents have explained in prior submissions in the Guantanamo habeas cases, including in the sworn declaration of Dr. John S. Edmondson, the Commander of the U.S. Navy Hospital at Guantanamo. See Declaration of Dr. John S. Edmondson[3] ("Edmondson Decl.") (attached hereto as Exhibit A; originally submitted in O.K. v. Bush, 04-CV-1136).[4] Detainees receive a comprehensive physical exam on their arrival, and their medical needs during detention are attended to by a large medical staff consisting of highly trained doctors, nurses, technicians, and administrative personnel, with specialists made available as necessary. See id. ¶¶ 3-6. Detainees can request medical assistance at any time by telling a guard or by informing medical personnel who make rounds to the cellblocks every other day. Id. ¶ 5. A multi-bed detention center hospital is available, and, if necessary, detainees are treated at the Naval Base Hospital. See id. ¶¶ 3-6. Detainees have been treated for a wide variety of medical conditions including hepatitis, diabetes, and hypertension, some of which went

---

[3] Although Dr. Edmondson no longer serves as the Commander of the U.S. Navy Hospital at Guantanamo, his declaration is indicative of the medical care that continues to be afforded detainees at Guantanamo.

[4] The Edmondson Declaration is the version filed on the public record in O.K. v. Bush, which has health information specific to petitioner O.K. redacted. See O.K. v. Bush, 04-CV-1136 (JDB), Respondents' Motion to Designate as "Protected Information" Certain Information in Memorandum of Points and Authorities in Opposition to Petitioner's Application for Preliminary Injunction and Two Declarations in Support Thereof (dkt. no. 116) (Apr. 13, 2005).

undiagnosed prior to the detainees' detention.  See id. ¶¶ 7-8.  Further, detainees have been provided prescription eyeglasses and prosthetic limbs, as needed.  Id.  In sum, detainees, such as petitioner, receive high quality medical care that is comparable to the care provided to active duty members of the armed forces.  Id.  ¶ 8; see also O.K. v. Bush, 344 F. Supp. 2d 44, 62 (D.D.C. 2004) (noting "high level of medical care" provided at the Guantanamo detention center medical facility).  Thus, petitioner's counsel's assertion that petitioner's physical condition necessitates entry of the protective order is without foundation given the high quality medical care that detainees receive.

     For these reasons, respondents oppose petitioner's motion seeking entry of the protective order in this case.

Dated: March 24, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Nicholas J. Patterson
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530

Tel: (202) 514-4523  
Fax: (202) 616-8470

Attorneys for Respondents