IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADHAM MOHAMMED ALI AWAD, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | Civil Action No. 05-2379 (JR) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |

**PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Local Civil Rule 7(d), Petitioner Adham Mohammed Ali Awad ("Mr. Awad") files this reply in further support of his Motion for Entry of Protective Order and in response to Respondent's Memorandum in Opposition to Petitioner's Motion for Entry of Protective Order ("Opposition").

In their December 22, 2005 Motion to Stay Proceedings, Respondents proposed that this Court enter the protective order in this proceeding. Respondents subsequently reversed their position and now oppose Petitioner's motion for entry of the protective order. The sole basis for Respondents' current position is that the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2680 (2005), enacted on December 30, 2005, strips this Court of jurisdiction and grants the D.C. Circuit exclusive jurisdiction "to determine the validity of any final decision of a Combatant Status Review Tribunal ("CSRT") that an alien is properly detained as an enemy combatant," *id.* § 1005(2)(1), Opp'n at 2. Respondents take the position that this Court should refrain from taking any action in this case while the D.C. Circuit determines the scope and effect of the DTA on pending habeas actions.

Respondents' argument is a red herring. First, Respondents overstate the reach of the DTA. There has been no ruling that the DTA will apply retroactively to habeas petitions filed by GTMO detainees before the enactment of the DTA[1]. Thus, Respondents' argument that the DTA strips this Court of jurisdiction to enter a protective order for counsel access is premature and without legal basis. Second, even if the DTA is found eventually by the higher courts to apply retroactively, the exclusive jurisdiction granted to the D.C. Circuit pertains solely to determining the validity of a final decision rendered by a CSRT.

Thus, under any application of the DTA, this Court would not encroach upon the D.C. Circuit's exclusive jurisdiction by entering the protective order in this proceeding. Moreover, under any interpretation the DTA contains no language concerning a detainee's right to access of counsel and therefore does not in any way affect, pertain to, or bar counsel access.

In addition, should the Supreme Court and the D.C. Circuit hold that the DTA deprives federal courts of jurisdiction to review habeas petitions filed by GTMO detainees prior to the enactment of the DTA, undersigned counsel believes in good faith that Mr. Awad would seek review by the D.C. Circuit of the CSRT's final decision regarding his classification as an "enemy combatant," as authorized by the DTA. *See* DTA, Pub. L. No. 109-138 §1005(e)(2), 119 Stat. 2680 (2005). This legal proceeding would require undersigned counsel to have access to Mr. Awad to discuss relevant facts and an opportunity to review the record of Mr. Awad's CSRT proceedings. Therefore, entry of the protective order at this time only would facilitate all possible proceedings arising from Mr. Awad's detention and, additionally, would impose no undue burden upon Respondents.

Respondents fail to acknowledge that several federal courts, including this Court, have been exercising their jurisdiction to grant the entry of protective orders *after* the enactment of the

---

[1] The Supreme Court heard oral argument on March 28, 2006, on this issue in *Hamdan v. Rumsfeld*, No. 05-184.

2

DTA. This Court granted a protective order after the DTA was signed into law in *Khiali-Gul v. Bush*, No. 05-CV-877 (JR) (D.D.C. Jan 6, 2006) (Minute Order). Protective orders also were issued in *Bostan v. Bush*, No. 05-883 (RBW) (D.D.C. Jan. 9, 2006) and *Mohammad v. Bush*, No. 05-879 (RBW) (D.D.C. Jan. 9, 2006), and most recently protective orders were issued in *Razakah v. Bush*, No. 05-CV-2370 (EGS) (D.D.C. Mar. 17, 2006) (Minute Order) and *Thabid v. Bush*, No. 05-CV-2398 (ESH) (D.D.C. Mar. 21, 2006) (Minute Order).

Respondents clearly should have been aware of each of these post-DTA rulings granting protective orders when they filed their opposition, yet they remained silent and did not acknowledge, much less address, these orders. Respondents' silence on this issue, and their failure to present any argument as to why the protective order in this case should be denied when it has been granted in identical circumstances by this and other courts is a glaring omission in their opposition. The post-DTA protective orders entered by this and other courts further indicate that the DTA has no relevance to restricting access to counsel by GTMO detainees. The relief Petitioner seeks – entry of the protective order to enable his counsel to communicate with him – is no different than the relief granted in previous orders by this and other federal courts.

Respondents also claim that a protective order is unnecessary because the medical care provided at GTMO is "high quality medical care" comparable to that provided to active members of the armed forces. (Opp'n at 4). While the government may claim that high level medical care is offered at GTMO, there are no assurances that Mr. Awad has received the necessary medical care for his amputated leg and eye and arthritis problems. In fact, the government has not and will not provide Mr. Awad's counsel with any specific information regarding him or his physical condition. Not only is Petitioner's counsel entitled to receive basic and essential information regarding his physical condition as his legal representative, but such information is required in

3

order to effectively represent Mr. Awad. Access to counsel is crucial to ensure that Mr. Awad receives all essential medical care, and the entry of the protective order is vital to ensure that such access is permitted while Mr. Awad still is in sufficiently good health to communicate effectively with his legal representatives.

## CONCLUSION

For the foregoing reasons, Petitioner Adham Mohammed Ali Awad requests that the protective order entered in *In re Guantanamo Detainee Cases* be entered immediately.

Dated: April 3, 2006

    Respectfully submitted,

    ORRICK, HERRINGTON & SUTCLIFFE LLP

    */s/ Panayiota G. Souras*
    Panayiota G. Souras (pursuant to LCvR 83.2(g))
    Washington Harbour
    3050 K Street, N.W., Suite 200
    Washington, D.C. 20007
    (202) 339-8400
    (202) 339-8500 (fax)

    Counsel for Petitioner

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing Petitioner's Reply in Support of Motion for Entry of Protective Order was served on this 3rd day of April, 2006, by this Court's Electronic Case Filing ("ECF") system upon the following:

> Preeya M. Noronha, Esquire
> Terry M. Henry, Esquire
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, N.W., Room 7144
> Washington, D.C. 20530
> preeya.noronha@usdoj.com

_____
Panayiota G. Souras