IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADHAM MOHAMMED ALI AWAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-2379 (JR) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**PETITIONER'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY AND COMPEL RESPONDENTS TO PROVIDE FACTUAL RETURNS, TO PROVIDE COUNSEL ACCESS TO PETITIONER'S MEDICAL RECORDS, AND TO PROVIDE PETITIONER WITH INDEPENDENT PHYSICAL AND MENTAL HEALTH EXAMINATIONS**

Respondents' opposition memorandum contains bare conclusions and arguments that have been rejected by this Court and others in this District. Respondents also fail to address one of Awad's principal arguments for lifting the stay based on the plain language of the habeas statute and case law interpreting it. As set forth in Awad's moving papers, there is no justification that should prevent this Court from granting Awad the only relief that may preserve his well-being and allow him to prosecute the merits of his case in a timely fashion.

I.  **RESPONDENTS' OPPOSITION RAISES NO GROUNDS TO DENY TO PETITIONER'S MOTION FOR FACTUAL RETURN**

Respondents' opposition raises arguments already rejected by this court, and the Court should order that respondents file the factual return detailing the reasons for Awad's continued detention at GTMO, as it has in many other cases. *See, e.g., Al Amin v. Bush*, 05-cv-2336 (PLF) (D.D.C. Sept. 18, 2006) (Order by Judge Robertson, dkt. no. 28). Even respondents are forced to acknowledge that this Court continues to order them to file factual returns in many other cases,

US_EAST:160096258.1

often over the exact arguments advanced in opposition here.[1] Opp'n. at 8-9, n.6. Consistent with these orders affecting detainees who are similarly situated to Awad in all relevant respects, the Court should require respondents to file a factual return.[2]

### A.  Courts Have Consistently Ordered Respondents to File Factual Returns Despite the Arguments Raised In Opposition

This Court has repeatedly rejected respondents' argument that they should not be required to produce the factual return because of the Detainee Treatment Act of 2005 ("DTA") and certain appeals pending before the D.C. Circuit. *See* Mot. at 6; *Al-Ghizzawi*, 05-cv-2378 (JDB) (dkt. no. 23) at 2-5. In *Al-Ghizzawi*, Judge Bates found that because the factual returns would be filed "regardless of the disposition of the jurisdictional question," the DTA jurisdictional issues were irrelevant. *Id.* at 2-3. The pending appeals are "simply an inadequate justification to further delay filing" of the factual return, *Kahn*, 05-cv-1001 (ESH) (dkt. no. 20) at 2, and do not "not prevent the government from processing the returns." *Rabbani*, 05-cv-1607 (RWR) (dkt. no. 19) at 2.

The DTA and the pending appeals simply do not have any relevance to Awad's request that respondents be ordered to provide the purported justifications for his continued detention so that he is able to finally communicate with his attorneys in a meaningful way,[3] more than six

---

[1] *See Al Amin*, 05-cv-2336 (dkt. no. 28); *Alsaaei v. Bush*, 05-cv-2369 (RWR) (D.D.C. Aug. 14, 2006) (dkt. no. 25); *Kahn v. Bush*, 05-cv-1001 (ESH) (D.D.C. Aug. 10, 2006) (dkt. no. 20); *Al-Ghizzawi v. Bush*, 05-cv-2378 (JDB) (D.D.C. Aug. 9, 2006) (dkt. no. 23, 25); *Zadran v. Bush*, 05-2367 (RWR) (D.D.C. Jul. 19, 2006) (dkt. no. 36); *Rabbani v. Bush*, 05-cv-1607 (RMU) (D.D.C. Jun. 16, 2006) (dkt. no. 19); *Said v. Bush*, 05-cv-2384 (RWR) (D.D.C. May 23, 2006) (dkt. no. 24); *Almerfedi v. Bush*, 05-cv-1645 (PLF) (D.D.C. Mar. 6, 2006) (dkt. no. 15).

[2] Even if the Court does not lift the stay in this case, respondents should be ordered to file the factual return to ensure that petitioner's counsel "be able to review the returns now so that they can develop their case and prepare for any consultation" with their client. *Rabbani*, 05-cv-1607 (RMU) (dkt. no. 19) at 2; *Tumani v. Bush*, 05-cv-526 (RMU) (D.D.C. Apr. 19, 2005) (dkt. no. 6).

[3] Respondents do not contest the necessity of access to factual returns for petitioner to have meaningful assistance of counsel, an independent and sufficient ground to grant this part of Petitioner's motion. *See, e.g., Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 200 (D.D.C. 2005); *Kahn*, 05-cv-1001 (ESH) (dkt. no. 20) at 2 ("Without access to the

---

months after counsel was first given the opportunity to visit their client at GTMO. *See* Minute Order Entering Protective Order (Apr. 11, 2006) (entering protective order over respondents' opposition based on the DTA).

So too has this Court rejected respondents' other arguments against filing the factual return: the risk that classified information will be shared and the burden imposed on respondents to file the return. Opp'n at 8, n.6. *See, e.g., Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005) (ordering filing of factual return over similar objections). First, filing of the factual return does not risk disclosure of confidential information because "the protective order entered in this case will guard against any inadvertent disclosures."[4] *E.g., Rabbani*, 05-cv-1607 (RMU) (dkt. no. 19) at 3. Second, this Court has repeatedly ordered the filing of a factual return over respondents' alleged "logistical burdens involved in producing factual returns." Opp'n. at 8, n.6; *Tumani*, 05-cv-526 (dkt. no. 6) at 2 ("generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the return; the court is confident that the government can handle this task."). Despite respondents' general claims, whatever logistical burdens associated with filing a factual return can only be described as minimal. Factual returns for Guantanamo detainees typically consist of the record of proceedings before a Combatant Status Review Tribunal ("CSRT") in the possession of the Department of Defense ("DoD"). Demonstrating the apparent ease in processing such material, earlier this year the DoD produced hundreds of CSRT and Administrative Review Board transcripts of Guantanamo detainees pursuant to a Freedom of Information Request by the

---

information contained within a factual return, petitioner's counsel cannot offer anything approaching effective representation in there proceedings."). .

[4] Attorneys for the petitioner have already been granted the necessary security clearances and are bound by the Protective Order entered in this case. *See, e.g.,* Signed Memorandum of Understanding Regarding Access to Classified National Security Information and Protective Order Acknowledgement of Michael W. Trinh (dkt. no. 16, Ex. 1).

Associated Press.[5] *See* http://www.dod.mil/pubs/foi/detainees/csrt/index.html. If the Department of Defense can process hundreds of CSRT transcripts for the AP FOIA request, the "logistical burden" of a single factual return that Awad requests cannot justify any further delay in allowing Awad to review the evidence the government claims supports his continued isolated detention. Moreover, the DoD is experienced in preparing and filing these factual returns. *See* n. 1, *supra*. Respondents admit that they are already in the process of filing a number of factual returns. Opp'n at 8-9, n.8. The incremental burden of filing one additional factual return can only be viewed as de minimis.

### B. The Court Should Order The Factual Return Be Filed Within Twenty Days

Respondents should be required to produce Awad's factual return within the statutory period—not the ninety days that they apparently request. Opp'n at 8-9, n.6; 28 U.S.C. § 2243 ¶2 (requiring that factual returns be filed "within three days unless for good cause additional time, not exceeding twenty days, is allowed"). Respondents offer no credible reason, much less show "good cause," to justify longer. *See* 28 U.S.C. § 2243 ¶2. In stark contrast to respondents' claims of "logistical burdens," the government has demonstrated the ability to file factual returns in well under twenty days when so ordered. *E.g., Alsaaei,* 05-cv-2369 (RWR) (dkt. no. 25, 26) (factual return filed within seven business days as ordered); *Errachidi v. Bush,* 05-cv-640 (EGS) (D.D.C. 2005) (dkt. no. 15, 16) (factual return filed within five business days as ordered).

### II. THE STAY MUST BE LIFTED IN ITS ENTIRETY BECAUSE IT SERVES AS AN UNREASONABLE DELAY IN HABEAS PROCEEDINGS THAT CANNOT BE JUSTIFIED BY JUDICIAL ECONOMY

Respondents argue the stay entered on January 11, 2006 is appropriate to conserve judicial resources and wait for guidance from the D.C. Circuit. However, respondents fail to recognize, or even make an effort to distinguish, the well-accepted principle articulated by the

---

[5] Awad's CSRT is not within the CSRT transcripts released in response to the AP FOIA request.

CLEARED FOR PUBLIC FILING BY CSO ON OCTOBER 16, 2006

Ninth Circuit in *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000), that a court cannot sanction an indefinite delay in a habeas petition in the interests of judicial economy. In *Yong*, the district court's primary justification for the stay was to conserve judicial resources pending resolution of an appeal in another case. The stay had lasted five months and its term was indefinite. Here, the habeas proceedings for the Guantanamo detainees have been stayed for nearly two years and Petitioner's own proceeding has been stayed for over ten months. Respondents claim that because issues that have relevance to Petitioner are pending before the Court of Appeals, the stay should continue until a decision is reached in those cases no matter how far into the future. While courts have discretion to consider judicial economy in issuing limited stays of short duration, habeas petitions are to be given "special, preferential consideration to insure expeditious hearing and determination." *Id*. (internal quotations and citations omitted). The *Yong* Court explicitly rejected the notion that an indefinite, potentially lengthy stay in a habeas case may be sustained in favor of judicial economy. *Id*. Before *Yong*, the Supreme Court recognized the fundamental importance of the writ, see *Johnson v. Avery*, 393 U.S. 483, 485 (1969), to serve as a "swift and imperative remedy" because otherwise it will be "reduced to a sham if…trial courts do not act within a reasonable time." *Yong*, 208 F.3d at 1120 (internal citations and quotations omitted). The holding in *Yong* and analogous cases should compel the conclusion that a lifting of the stay is required here, particularly given the long pendency of the appeals on which respondents rely.

Respondents candidly acknowledge there are "gravely serious issues in these cases." Opp'n at 7. This supports Petitioner's request that he be allowed to move forward with his habeas petition. As detailed in his moving papers, Petitioner has been imprisoned for over four years with no idea as to the reasons for his detention or the charges levied against him. His every

move is watched by a bevy of armed guards. His only visitors have been two brief counsel visits where he expressed increasing frustration and despondence over the uncertainty of his case and his future. Against this background, the attempt to conserve judicial, government and litigation resources by indefinitely postponing the prosecution of a habeas petition is unlawful. The stay must be lifted in its entirety to meet the courts' mandate that habeas petitions progress without unreasonable delay.

### III. COUNSEL MUST BE GIVEN ACCESS TO AWAD'S MEDICAL RECORDS AND AWAD SHOULD BE GRANTED INDEPENDENT MENTAL AND PHYSICAL HEALTH EXAMINATIONS

Respondents fail to give any sound justification for why counsel cannot access Petitioner's medical records. Respondents claim production of Awad's medical records would be unduly burdensome, Opp'n at 6, n.5, but fail to provide a concrete reason to support their bald assertion. In addition, respondents claim counsel access to medical records is unnecessary because of the high quality of medical care provided to all detainees at Guantanamo Bay. Such self-interested statements by the government provide no true assurance to counsel regarding Awad's health, particularly in light of the recent sworn testimony in which "Guantanamo guards described physically and mentally abusing detainees, including slamming one's head into a cell door and denying them privileges merely to anger them." See Affidavit of Sergeant, U.S. Marine Corps, sworn to October 4, 2006, at 1 (attached hereto as Exhibit A); *Guards Describe Guantanamo Prisoner Abuse*, Wash. Post (Oct. 7, 2006). Therefore, the declaration of Captain Ronald L. Sollock explaining the high quality medical care at Guantanamo, must be viewed in light of these recent credible reports of abuse. Moreover, Captain Sollock's declaration makes no specific reference to Petitioner's medical condition or that of any other detainee, but simply is a

generic discussion of medical care at GTMO. Overarching blanket statements in this declaration tell counsel nothing specific about Awad and his health.

From two prior counsel visits to Guantanamo Bay, counsel has seen Petitioner's frail state. In addition, Petitioner suffers from pain associated with his severed leg and an improperly fitted prosthetic leg, untreated back and joint problems, deteriorating eyesight, and has shown signs of mental instability and irrationality. To best represent Awad, counsel must have an independent means of assessing his health. To ensure Awad's physical and mental well-being, counsel must be permitted to immediately review Awad's medical records, and arrange independent mental and physical health examinations for Awad. This request is made that much more compelling by the recently publicized affidavit in which a guard testified that "striking detainees was a common practice. Everyone in the group [other GTMO guards] laughed at the others' stories of beating detainees." Affidavit of Sergeant, U.S. Marine Corps, sworn to October 4, 2006, at 2. Accordingly, there is no basis for denying counsel access to Petitioner's medical records and for ordering that Petitioner be granted a right to an independent physical and mental health examination.

## CONCLUSION

For the foregoing reasons, and those set forth in his moving papers, Petitioner Adham Mohammed Ali Awad requests that this Court issue an order (1) requiring respondents to file a factual return within 10 business days, or on a date certain; (2) lifting the stay in this case; (3)

CLEARED FOR PUBLIC FILING BY CSO ON OCTOBER 16, 2006

providing Awad's counsel with access to his medical records; (4) and granting Awad an independent physical examination and independent mental heath examination.

Dated: October 13, 2006

        Respectfully submitted,

        ORRICK, HERRINGTON & SUTCLIFFE LLP

        /s/Panyiota G. Souras
        Panayiota G. Souras (pursuant to LCvR 83.2(g))
        Washington Harbour
        3050 K Street, N.W., Suite 200
        Washington, D.C. 20007
        (202) 339-8400
        (202) 339-8500 (fax)

        Counsel for Petitioner

CLEARED FOR PUBLIC FILING BY CSO ON OCTOBER 16, 2006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the 13th day of October, 2006, by hand upon the following:

>Preeya M. Noronha, Esquire
>Terry M. Henry, Esquire
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, N.W., Room 7144
>Washington, D.C. 20530
>Tel: (202) 514-4107
>Fax: (202) 616-8470
>
>*Counsel for Respondents*

           /s/ Panayiota G. Souras
           Panayiota G. Souras