FILED WITH THE
COURT SECURITY OFFICER
CSO: _____
DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADHAM MOHAMMED ALI AWAD,<br><br>*Petitioner,*<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>*Respondents.* | Civil Action No. 05-2379 (JR) |

## MOTION TO RECONSIDER AND VACATE
## ORDER OF APRIL 2, 2007 DISMISSING CASES

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, petitioner Adham Mohammed Ali Awad respectfully moves for an Order vacating this Court's April 2, 2007 Order dismissing this case for lack of subject matter jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007). Pursuant to LCvR 7(m), counsel for petitioner has conferred with respondents who do not consent to this motion.

1. The D.C. Circuit has made clear that this Court should *not* dismiss Guantánamo habeas cases pending the Supreme Court's disposition of *Boumediene*. Moreover, as discussed in paragraphs 1(b) and (d) below, the pendency of appeals deprives this Court of jurisdiction to dismiss this case.

    a. On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the Court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, ordered the mandate recalled on July 26, 2007. (Ex. A.) The effect of the recall of the mandate was to divest this Court of jurisdiction to

dismiss those cases, and to preserve in those cases the protective order and counsel access rules that govern Guantánamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel with advance notice of any intended transfer of a prisoner from Guantánamo.[1]

      b.    In light of *Boumediene*, on March 22, 2007, the D.C. Circuit dismissed the appeals in *Kiyemba v. Bush*, No. 05-5487, a case with facts similar to those in the case at bar, and on May 10, 2007, issued the mandate in the case. On September 7, 2007, however, after the Supreme Court granted certiorari in *Boumediene*, the D.C. Circuit recalled the mandate. (Ex. B.) *Kiyemba* is among the cases that Judge Urbina of this Court dismissed but later reinstated once learning of the mandate recall. *Kiyemba v. Bush*, No. 05-cv-0520 at 6, n.3 (RMU) (D.D.C. Oct. 5, 2007) (Dkt. No. 104). Because the *Kiyemba* appeal is pending, this Court lacks jurisdiction to dismiss it. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997), quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal") (internal quotations omitted).

      c.    Similarly, on April 9, 2007, the D.C. Circuit dismissed the appeals in *Paracha v. Bush*, No. 05-5194, and remanded to this Court with directions to dismiss the case in light of *Boumediene*. On June 20, 2007, the D.C. Circuit denied the petitioner's motion to stay the

---

[1] The day after this Court dismissed the 16 cases, the government sent counsel an email asserting that the dismissal rendered inoperative the protective order and counsel access rules that govern these cases. *See, e.g.*, Email dated June 1, 2007, from Andrew Warden to Glenn Jones (Ex. D). According to the government's email, counsel may henceforth visit and communicate with petitioners only as permitted by the "jurisdictionally appropriate"—*i.e.*, more restrictive—protective order entered by the D.C. Circuit for cases brought under the Detainee Treatment Act of 2005. *Id.* It would be anomalous, to say the least, if petitioner in the above-captioned case or the others this Court dismissed were required to live under a more restrictive regime for client access and communications, and related orders, than the petitioners in the vast majority of habeas cases that, as discussed in the text, the D.C. Circuit and other district court judges have decided *not* to dismiss pending the Supreme Court's resolution of *Boumediene*.

mandate. On September 7, 2007, however, the D.C. Circuit stayed the mandate pending the Supreme Court's disposition of *Boumediene*. (Ex. C.) Finally, on August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, *et al.*, to dismiss 12 of the 16 cases that this Court has dismissed pending the Supreme Court's disposition of *Boumediene*, including the above-captioned case; the D.C. Circuit directed that the cases be "held in abeyance pending further order of the court." (Ex. E.) In its order, the D.C. Circuit also deferred consideration of the government's motion to vacate orders entered by this Court requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantánamo.[2] Notably, that order applies to a prior appeal by Respondents in this action, No. 06-5094 (D.C. Cir.). Because the appeals in these cases are pending, this Court lacks jurisdiction to dismiss them. *See DeFries*, 129 F.3d at 1302.[3]

---

[2] *Al-Hela v. Bush*, No. 05-cv-1048 (RMU), *appeal pending*, No. 05-5230 (D.C. Cir.); *Hatim v. Bush*, No. 05-cv-1429 (RMU), *appeal pending*, No. 05-5398 (D.C. Cir.); *Al-Oshan v. Bush*, No. 05-cv-0520 (RMU), *appeal pending*, No. 05-5237 (D.C. Cir.); *Tumani v. Bush*, No. 05-cv-0526 (RMU), *appeal pending*, No. 05-5244 (D.C. Cir.); *Sohail v. Bush*, No. 05-cv-0993 (RMU), *appeal pending*, No. 05-5478 (D.C. Cir.); *Al Karim v. Bush*, No. 05-cv-0998 (RMU), *appeal pending*, No. 05-5374 (D.C. Cir.); *Rabbani v. Bush*, No. 05-cv-1607 (RMU), *appeal pending*, No. 06-5235 (D.C. Cir.); *Alkhemisi v. Bush*, No. 05-cv-1983 (RMU), *appeal pending*, No. 06-5041 (D.C. Cir.); *Naseer v. Bush*, No. 06-cv-1689, *appeal pending*, No. 07-1188 (D.C. Cir.); *Zalita v. Bush*, No. 05-cv-1220 (RMU), *appeal pending*, No. 05-5353 (D.C. Cir.); *Al-Zarnouqi v. Bush*, No. 06-cv-1767 (RMU), *appeal pending*, No. 07-5148 (D.C. Cir.). The D.C. Circuit has separately recalled the mandate in *Kiyemba*, as discussed in ¶ 1(b) above. Of the four other cases dismissed by this Court, the D.C. Circuit dismissed appeals in two as moot because the petitioners had been transferred from Guantánamo: *Qayed v. Bush*, No. 05-cv-0454 (RMU), *appeal dismissed*, No. 05-5245 (D.C. Cir.); *Al-Subaiy v. Bush*, No. 05-cv-1453 (RMU), *appeal dismissed*, No. 05-5482 (D.C. Cir.). In the two other cases, no appeals were pending. *Al Halmandy v. Bush*, No. 05-cv-2385 (RMU); *Al-Delebany v. Bush*, No. 05-cv-2477 (RMU).

[3] On April 25, 2007, this Court dismissed *Zalita v. Bush*, No. 05-cv-1220 (RMU), on receiving the D.C. Circuit's mandate. (Doc. 61.) The D.C. Circuit issued its mandate, however, before the Supreme Court granted review in *Boumediene* and the D.C. Circuit recalled its mandate in *Boumediene*. Zalita has asked the D.C. Circuit to recall the mandate in his case; his motion is pending. On September 21, 2007, Zalita filed a petition for certiorari in the Supreme Court.

3

2. Eleven other judges of this Court have denied or deferred government motions to dismiss pending the Supreme Court's disposition of *Boumediene*. *See, e.g.*, *Taher v. Bush*, No. 06-cv-1684 (GK) (D.D.C. Sept. 13, 2007) (Doc. 26); *Razakah v. Bush*, No. 05-cv-2370 (EGS) (D.D.C. Aug. 17, 2007) (minute order); *Al Darby v. Bush*, No. 05-cv-2371 (RCL) (D.D.C. Aug. 8, 2007) (Doc. 49); *Al-Mohammed v. Bush*, No. 05-cv-0247 (HHK) (D.D.C. Aug. 7, 2007) (Doc. 66); *Khalid v. Bush*, No. 04-cv-1142 (RJL) (D.D.C. Aug. 7, 2007) (Doc. 90); *Faraj v. Bush*, No. 05-cv-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66); *Maqaleh v. Gates*, No. 06-cv-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13) (Bagram prisoner); *Ameziane v. Bush*, No. 05-cv-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Zadran v. Bush*, No. 05-cv-2367 (RWR) (D.D.C. July 2, 2007) (minute order). Both Judge Collyer and Judge Urbina dismissed the habeas cases assigned to them but reinstated them on reconsideration, *e.g.*, *Al Shimrani v. Bush*, No. 05-cv-2249 (RMC) (D.D.C. Aug. 22, 2007) (Doc. 59); *Al-Oshan v. Bush*, No. 05-cv-0520 (RMU) (D.D.C. Oct. 5, 2007) (Dkt. No. 108). Judge Walton has closed his cases administratively but has not dismissed them, *see Mohammon v. Bush, et al.*, No. 05-cv-2386 (RBW) (D.D.C. Jan. 31, 2007).

3. The court in *Kiyemba* rejected the government's claim that the Court could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantánamo habeas cases. The Court stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at * 7 (D.D.C. Apr. 28, 2006). As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* at *7-8.

*Kiyemba v. Bush*, No. 05-cv-01509 (RMU), 2006 WL 2255736, at *2 (D.D.C. Aug. 7, 2006) (mandate in appeal recalled by D.C. Circuit). It has not been "ultimately determined that this

4

court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* quoting *Adem v. Bush*, 2006 WL 1193853 at *7 (D.D.C. Apr. 28, 2006). As the *Kiyemba* noted, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. *Id.* at *2 n.4.

For these reasons, the Court should reconsider and vacate its Order of April 2, 2007, dismissing these cases.

                                Respectfully submitted,

                                /s/
Diana Rutowski
Michael W. Trinh
Ahmed Ghappour
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400 (tel)
(650) 614-7401 (fax)

Rene Kathawala
Glenn K. Jones
Steven Newmark
ORRICK, HERRINGTON & SUTCLIFFE, LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000 (tel)
(212) 506-5100 (fax)

Cathy Y. Lui
ORRICK, HERRINGTON & SUTCLIFFE, LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700 (tel)
(415) 773-5759 (fax)

*Counsel for Petitioner*

December 7, 2007

OHS East:160308297.2

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on this 7th day of December 2007 upon the following, by hand-delivery to the Court Security Officer:

>Judry Subar, Esquire
>Terry M. Henry, Esquire
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue, N.W., Room 7144
>Washington, D.C. 20530
>Tel: (202) 514-4107
>Fax: (202) 616-8470

_____
Mildred Austin

OHS West:260350380.1