IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADHAM MOHAMMED ALI AWAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-cv-2379 (JR) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO RECONSIDER AND VACATE ORDER OF APRIL 2, 2007 DISMISSING CASES

In keeping with binding precedent in this Circuit, *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007) (Nos. 06-1195, 06-1196), on April 5, 2007, this Court dismissed this case for lack of jurisdiction (dkt no. 48). *Boumediene* held that this Court lacks jurisdiction over habeas corpus proceedings such as this one brought by alien detainees held at Guantanamo Bay. In the hope that the Supreme Court might reverse the D.C. Circuit's ruling in *Boumediene*, petitioner now asks this Court to reconsider its decision. That request is without merit.

As an initial matter, the Court's decision to dismiss this case was correct when it was made, and the legal foundation for that decision has not changed since it was rendered; the law of the Circuit that required dismissal remains extant and binding. In addition, petitioner cannot meet the rigorous test under Rule 60(b)(6) for justifying reconsideration of an order of dismissal.

## ARGUMENT

**I.    Petitioner Has Not Established Extraordinary Circumstances To Justify His Rule 60(b)(6) Motion.**

Petitioner's motion seeking relief under Rule 60(b)(6) may only be granted upon a finding of extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (reiterating that "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."). No extraordinary circumstances are present here, however.

First, the Supreme Court's grant of certiorari and the Court of Appeals decision to recall its mandate in *Boumediene* do not rise to the level of extraordinary circumstances, because *Boumediene* has not even been reviewed by the Supreme Court or by the Court of Appeals sitting *en banc*, let alone overruled, and it still constitutes the law of the Circuit and is binding on this Court. *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring) ("Once [an] opinion [is] released it [becomes] the law of this circuit."); *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court").[1] And the Supreme Court's decision to review *Boumediene* does not mean that *Boumediene* has already been reviewed and reversed, nor in any other way alter the law of this Circuit. *See Ayuda*, 919 F.2d at 154

---

[1] *See also Vo Van Chau v. U.S. Dep't of State*, 891 F. Supp. 650, 654 (D.D.C. 1995) ("[D]efendants argue that this Court is not bound to follow [a decision by a panel of the Court of Appeals], since the mandate in [that case] has not yet issued from the Court of Appeals. This argument has no merit. The District Court 'is bound by the principle of *stare decisis* to "abide by a recent decision of one panel of [the Court of Appeals] unless the panel has withdrawn the opinion or the court *en banc* has overruled it".'") (quoting *Association of Civilian Technicians, Montana Air Chapter v. FLRA*, 756 F.2d 172, 176 (D.C. Cir. 1985) (fourth alteration in original)).

(Henderson, J., concurring) ("Nor is it relevant ... that the United States Supreme Court has granted *certiorari* on the question. Unless and until [the D.C. Circuit opinion] is reversed or overruled by the United States Supreme Court or by this court *en banc*, [the opinion] remains the law of this circuit . . . ." (footnote omitted)); *Schwab v. Sec'y, Dep't of Corrs.*, 2007 WL 3375242 (11th Cir. 2007) (declining to grant a stay of execution in a case where the Supreme Court had granted certiorari, and leaving it to the Supreme Court to decide whether to grant a stay under its own authority, because "grants of certiorari do not themselves change the law"). Thus, this Court is bound by the Court of Appeals' decision in *Boumediene*, which precludes the Court from exercising jurisdiction over petitioner's habeas petition or maintaining any orders entered in this case.

Second, petitioner is already taking advantage of two other avenues either to challenge the district court's ruling or to obtain the ultimate relief he seeks. Petitioner has filed a notice of appeal challenging the Court's dismissal of this action. Notice of Appeal (dkt. no. 49); *Awad v. Bush*, No. 07-5147 (D.C. Cir. appeal docketed May 11, 2007). That appeal is, of course, pending before the court that decided *Boumediene*, the case that required the dismissal order at issue. Petitioner has also filed a separate petition in the Court of Appeals challenging his enemy combatant status under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, Tit. X, 119 Stat. 2680. *Al-Baidany v. Gates*, No. 07-1269 (D.C. Cir. appeal docketed July 11, 2007). Petitioner thus cannot demonstrate why he needs to have this court take the extraordinary step of reinstating his habeas case.[2]

---

[2] Although other judges of this Court have granted detainees' motions for reconsideration of dismissal orders under Rule 60(b)(6), *see, e.g., Al-Shimrani v. Bush*, No. 05-CV-2249 (D.D.C.) (RMC) (dkt. no. 59), *Al-Oshan v. Bush*, No. 05-cv-520 (D.D.C.) (RMU) , we respectfully submit that the Court should deny petitioner's motion in this case on the basis of the

Third, petitioner's detention does not support a finding of extraordinary circumstances. To be sure, the Supreme Court has recited incarceration as one fact among others that might support granting Rule 60(b)(6) relief. *See, e.g., Ackerman v. United States*, 340 U.S. 193, 200-01 (1950); *Klapprott v. United States*, 335 U.S. 601, 613-15 (1949). Here, however, other factors demonstrate that, unlike the petitioner in *Klapprott* where the Supreme Court found extraordinary circumstances, petitioner's incarceration is not an impediment to him challenging his detention. In particular, petitioner is represented by counsel and is challenging his enemy combatant status determination under the DTA.

The petitioner also argues that this Court lacks jurisdiction to dismiss this case in light of the pendency of appeals in other cases and actions taken by the Court of Appeals in some of those cases. *See* Mot. to Reconsider and Vacate at 2–3 & n.2 (noting pendency of appeals in *Kiyemba v. Bush*, No. 05-5487 (D.C. Cir.), *Paracha v. Bush*, No. 05-5194 (D.C. Cir.), *Abdah v. Bush*, No. 05-5224 (D.C. Cir.), and other cases). These other appeals do not present extraordinary circumstances justifying reconsideration of the district court's order of dismissal, for the reasons stated above and for at least two additional reasons: First, the events the petitioner relies on took place *after* this Court issued the order of dismissal that the petitioner is asking the Court to reconsider; they do not affect whether this Court's order of dismissal was proper at the time the Court issued the order. Second, the pendency of appeals in *other* cases had

---

arguments in this opposition, especially where the petitioner is already pursuing two avenues besides the present motion to obtain the ultimate relief he seeks: an appeal from the order that petitioner now asks this Court to reconsider and a petition filed in the Court of Appeals under the DTA. Additionally, the fact that the Court has already granted the Government's motion to dismiss distinguishes this case from cases where the Court has denied the Government's motion to dismiss without prejudice and stayed the case pending the Supreme Court's determination in *Boumediene*. *See, e.g., Ezatullah v. Bush*, No. 06-CV-1752 (D.D.C.) (RMC) (Aug. 28, 2007 minute entry).

- 4 -

no effect, either before or after this court's order of dismissal, on the jurisdiction of this Court over the jurisdictional issues in this case.

**II.    The Court Lacks Jurisdiction to Grant the Requested Relief While the Petitioner's Appeal Is Pending.**

In addition, this Court lacks jurisdiction to issue the relief the petitioner requests. The petitioner's notice of appeal from the Court's order of dismissal divested this Court of jurisdiction over the issues implicated in that order and vested jurisdiction in the Court of Appeals. Although the Court may consider the petitioner's request for relief under Rule 60(b) while the appeal is pending and may deny such relief, it may not grant such relief unless the Court of Appeals first remands the matter to this Court. *See English-Speaking Union v. Johnson*, 353 F.3d 1013, 1019 (D.C. Cir. 2004) (stating that appellate review "divest[s] the district court of jurisdiction" to grant a Rule 60 motion.); *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant *may move the appellate court for a remand in order that relief may be granted.*" (emphasis added)).

## CONCLUSION

For the reasons set forth above, petitioners' motion should be denied.

- 5 -

Dated: December 21, 2007                    Respectfully submitted,

                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel


                                            _____/s/ JAMES C. LUH_____
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            JUDRY L. SUBAR (D.C. Bar No. 347518)
                                            TERRY M. HENRY
                                            JEAN LIN
                                            JAMES J. SCHWARTZ
                                            ROBERT J. KATERBERG
                                            ANDREW I. WARDEN
                                            NICHOLAS A. OLDHAM
                                            JAMES C. LUH
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W.
                                            Washington, DC  20530
                                            Tel:  (202) 514-4938
                                            Fax: (202) 616-8460

                                            Attorneys for Respondents