UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| IN RE: | ) | Misc. No. 08-0442(TFH) |
| | ) | |
| GUANTANAMO BAY | ) | Civil Action Nos. |
| DETAINEE LITIGATION | ) | |
| | ) | 02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, |
| | ) | 04-cv-1254, 04-cv-1937, 04-cv-2022, 04-cv-2035, |
| | ) | 04-cv-2046, 04-cv-2215, 05-cv-0247, 05-cv-0270, |
| | ) | 05-cv-0280, 05-cv-0329, 05-cv-0359, 05-cv-0392, |
| | ) | 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569, |
| | ) | 05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, |
| | ) | 05-cv-0877, 05-cv-0883, 05-cv-0889, 05-cv-0892, |
| | ) | 05-cv-0993, 05-cv-0994, 05-cv-0998, 05-cv-0999, |
| | ) | 05-cv-1048, 05-cv-1189, 05-cv-1124, 05-cv-1220, |
| | ) | 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, |
| | ) | 05-cv-1457, 05-cv-1458, 05-cv-1487, 05-cv-1490, |
| | ) | 05-cv-1497, 05-cv-1504, 05-cv-1505, 05-cv-1506, |
| | ) | 05-cv-1509, 05-cv-1555, 05-cv-1592, 05-cv-1601, |
| | ) | 05-cv-1602, 05-cv-1607, 05-cv-1623, 05-cv-1638, |
| | ) | 05-cv-1639, 05-cv-1645, 05-cv-1646, 05-cv-1678, |
| | ) | 05-cv-1704, 05-cv-1971, 05-cv-1983, 05-cv-2010, |
| | ) | 05-cv-2088, 05-cv-2104, 05-cv-2185, 05-cv-2186, |
| | ) | 05-cv-2199, 05-cv-2249, 05-cv-2349, 05-cv-2367, |
| | ) | 05-cv-2370, 05-cv-2371, 05-cv-2378, 05-cv-2379, |
| | ) | 05-cv-2380, 05-cv-2381, 05-cv-2384, 05-cv-2385, |
| | ) | 05-cv-2386, 05-cv-2387, 05-cv-2444, 05-cv-2479, |
| | ) | 06-cv-0618, 06-cv-1668, 06-cv-1684, 06-cv-1690, |
| | ) | 06-cv-1758, 06-cv-1759, 06-cv-1761, 06-cv-1765, |
| | ) | 06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, |
| | ) | 07-cv-2338, 08-cv-0987, 08-cv-1085, 08-cv-1101, |
| | ) | 08-cv-1104, 08-cv-1153, 08-cv-1185, 08-cv-1207, |
| | ) | 08-cv-1221, 08-cv-1223, 08-cv-1224, 08-cv-1227, |
| | ) | 08-cv-1228, 08-cv-1229, 08-cv-1230, 08-cv-1231, |
| | ) | 08-cv-1232, 08-cv-1233, 08-cv-1235, 08-cv-1236, |
| | ) | 08-cv-1237, 08-cv-1238, 08-cv-1310, 08-cv-1360, |
| | ) | 08-cv-1440, 08-cv-1733, 08-cv-1805, 08-cv-2083, |
| | ) | 08-cv-1828, 08-cv-1923, 08-cv-2019, 09-cv-0031 |
| _____ ) | | |

**JOINT MOTION TO CONTINUE DEADLINE FOR FILING PETITIONERS'
RESPONSE TO GOVERNMENT'S MOTION TO AMEND PROTECTIVE ORDERS
AND COUNSEL ACCESS PROCEDURES**

Now comes undersigned counsel, on behalf of the Petitioners in the above-captioned cases, and hereby moves this Honorable Court for an additional 45 days in which to file a Joint Response to the Government's Motion to Amend the September 11, 2008 Protective Order and Counsel Access Procedure and January 9, 2009 Amended TS/SCI Protective Order and Counsel Access Procedures, currently due on March 25, 2009. The government's filing seeks to amend the protective orders and counsel access procedures that are the result of several years of negotiation and litigation. The government's motion was prompted by this Court's order on January 30, 2009, which was issued more than two months prior to the government's March 11, 2009 filing. During that two months, the government consulted with experts in the intelligence field and attached three declarations to its motion, one of which is classified at "Top Secret/Sensitive Compartmented Information" level.

Undersigned counsel is requesting an additional 45 days to file a response to the government's motion consult with intelligence experts and prepare necessary declarations to assist in the preparation of the Petitioners' response. Counsel has consulted with intelligence experts, but in the short time provided for a reply it is impossible to retain those experts and prepare the necessary declarations. Additionally, because counsel for Petitioners intend to submit a consolidated response on behalf of all Petitioners, the necessity for consultation among counsel requires additional time in which to file a consolidated response.

On March 19, 2009, undersigned counsel met and conferred with Assistant United States Attorney Julia Berman regarding this request. Ms. Berman indicated the government would not oppose this instant motion if the Petitioners agreed to not invoke the interpretation of the protective order set forth in the Court's January 15th and 30th orders in the interim. After years of delay, many Petitioners are rapidly approaching traverse deadlines and merits hearings. Agreeing to not invoke

2

the interpretation of the protective order set forth in the Court's January 15th and 30th orders would, in affected cases, necessitate a further delay as Petitioners' counsel wait for declassification of the their clients' statements or for a merits Judge's ruling on whether the specific statement should be disclosed.

The interpretation of the protective order set forth in this Court's January 15th and 30th orders is consistent with the Supreme Court's directive in Boumediene that "the costs of delay [in fashioning new procedures] can no longer be borne by those who are held in custody." Boumediene v. Bush, __ U.S.__, 128 S.Ct. 2229, 2275 (2008).  Moreover, the government has not identified any actual problems that have occurred under the current protective order regime, as clarified by this Court's January 15th and January 30th orders.  For that reason, counsel for Petitioners must insist on being able to invoke the interpretation of the protective order, when necessary to do so, as set forth in this Court's January 15th and 30th orders.  As a result, Petitioners were unable to obtain the government's consent to this Motion to Continue.

March 24, 2009                                    Respectfully submitted,

*/s/ Darin Thompson*
DARIN THOMPSON (LCvR 83.2(e))
Assistant Federal Public Defender
Office of the Federal Public Defender,
Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
Email: darin_thompson@fd.org

*On behalf of Petitioners with consent* **

---

**     Reserving objections to the requirement to file a single consolidated brief.